T.C. Memo. 1999-12


UNITED STATES TAX COURT


JEFFREY THOMAS KEARNEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18672-97.                     Filed January 25, 1999.


Jeffrey Thomas Kearney, pro se.

<u>Steven W. LaBounty</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax and additions to tax as follows:


|        |            | Additions to Tax | |
| Year   | Deficiency | Sec. 6651(a)(1) | Sec. 6654[1] |
| 1995   | $17,524    | $3,630          | $769 |

[1]Respondent conceded that the addition to tax under sec.
6654 does not apply.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in Saint Peters, Missouri, at the time the petition was filed.  Petitioner has not filed a Federal income tax return for 1995.  In the notice of deficiency, respondent determined that petitioner had income consisting of wages reported on Forms W-2 in the amount of $16,851, a capital gain from the sale of stock of $1,402, and taxable distributions from petitioner's qualified retirement plan of $45,322 for 1995.

After allowance of the standard deduction for 1995 and one exemption, petitioner's 1995 tax liability was determined based on the rates applicable to a single person, thereby resulting in a base income tax liability for 1995 of $12,992.  Respondent also determined that taxable distributions to petitioner from his qualified retirement plan are subject under section 72(t) to a penalty of 10 percent as a result of premature distributions and that petitioner was liable for the section 6651(a)(1) addition to tax for failure to file a tax return.

In his petition and amended petition, petitioner did not assign error to any single adjustment made by respondent in the notice of deficiency or allege facts to support any assignment of error.  Rather, petitioner alleged in his petition that the "IRS does not have legal jurisdiction over me to assess a tax against

me, they lack the authority, and in my written requests to them to prove their authority, they chose to break the law by not responding." In his amended petition, petitioner alleges that the "IRS has no legal authority to assess a tax delinquency in the amount of $17,524.00 against me." The amended petition asserts that the "delinquency assessment in the amount of $17,524.00 should be ordered to be held null and void as it does not apply to compensation for labor."

In his second amended petition, petitioner admits that during 1995 he received (1) wages of $16,852, (2) IRA distributions of $42,596, and (3) pension/annuity distributions of $48,418 (more than respondent determined in the notice of deficiency). Petitioner assigned error only to the determination that such amounts are subject to taxation. In the second amended petition, petitioner alleged that his filing status for 1995 is head of household, that he is entitled to claim three exemptions (one for himself and two for dependents described as his son and daughter), and that he has various itemized deductions.

Petitioner offered no evidence to support his alleged filing status, his claim of three exemptions, or his purported itemized deductions.

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is

deemed to be conceded.  Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 658 n.19 (1982); <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

Petitioner has not offered any evidence to show that respondent's determination is in error.  We, therefore, uphold respondent's determination as modified by his concession.

The petition, amended petitions, and petitioner's brief contain nothing but typical tax protester rhetoric.  We see no need to address painstakingly petitioner's basic arguments.  Indeed, they have already been addressed by another court.[1]  Petitioner is not exempt from Federal income tax.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 406-407 (1984).

<u>Except with respect to the addition to tax under section 6654, decision will be entered for respondent</u>.

---

[1]See <u>In re Kearney</u>, No. 96-45972-399 (Bankr. E.D. Mo., Mar. 20, 1997).